# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY A. BURNETT, | : | Case No. 19-cv-43 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| THE UNITED STATES OF AMERICA, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER GRANTING:**
**(1) DEFENDANT UNIVERSITY OF CINCINNATI MEDICAL CENTER, LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS (Doc. 25); AND**
**(2) DEFENDANT UC HEALTH, LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS (Doc. 26)**

This civil action is before the Court on Defendant University of Cincinnati Medical Center, LLC ("UCMC")'s motion for judgment on the pleadings (Doc. 25) and the responsive memoranda (Docs. 32, 34), and Defendant UC Health, LLC's ("UC Health")'s motion for judgment on the pleadings (Doc. 26)[1] and the responsive memoranda (Docs. 31, 35).

## I. BACKGROUND

This case arises out of Plaintiff Kimberly Burnett's February 20, 2017 surgery at West Chester Hospital, a facility affiliated with UC Health. (Doc. 16 at ¶¶ 1, 7). The

---

[1] UC Health's motion was initially a *partial* motion for judgment on the pleadings, however, the claims not addressed in UC Health's motion for judgment on the pleadings related to vicarious liability for Dr. Phillip Ross, were dismissed by stipulation of the parties. (Doc 46). Accordingly, UC Health seeks to dismiss all remaining claims against in this motion before the Court.

surgeons were Dr. Ryan Finnan and Dr. Steven Agabegi, and they were assisted by Dr. Phillip Ross, and Dr. Phillip White, who provided neuromonitoring during the surgery. (*Id.*). Plaintiff had a prior physician-patient relationship with Dr. Agabegi. (*Id.* at ¶ 7). Plaintiff alleges that during her surgery, Dr. Finnan, assisted by Dr. Agabegi and Ross, misplaced several iliosacral screws in Plaintiff's lower spinal canal. (*Id.*). Plaintiff states that those screws have resulted in permanent damage to certain nerves. (*Id.*). Plaintiff contends that Dr. White failed to act upon neuromonitoring data during the surgery to prevent intraoperative nerve injury. (*Id.* at ¶ 9).

The Amended Complaint alleges that Defendants UCMC and UC Health are liable for the alleged conduct of their "credentialed physicians," including Drs. Agabegi, Finnan, Ross, and White because "[t]here exists ownership, control and/or agency relationships between these defendants as to make them responsible." (*Id.* at ¶ 5). Plaintiff also contends that Defendant University of Cincinnati Physicians, Inc., as the alleged employer of the physicians, is vicariously liable, and that the United States government is vicariously liable for Dr. Finnan, an active member of the Air Force. (*Id.*).

The Amended Complaint contains no allegations that any of the doctors were employed by UCMC, or that Plaintiff ever sought or received medical treatment at UCMC. Moreover, there are no allegations that Drs. Agabegi, Finnan, or White were ever employed by UC Health.[2]

---

[2] All claims brought by Plaintiff against UC Health based on the vicarious liability of UC Health for the conduct of Dr. Ross have already been dismissed. (Doc. 46).

2

## II. STANDARD OF REVIEW

The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.* (citing *JPMorgan Chase Bank v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)). That is, a court should grant a motion for judgment on the pleadings under Rule 12(c) only if "no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Winget*, 510 F.3d at 582 (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).

To show grounds for relief, Federal Rule of Civil Procedure 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The Rule "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (citing *Twombly*, 550 U.S. at 555). In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265

3

(1986)).  Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.*

Accordingly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678.  A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the case shall be dismissed.  *Id*.

### III.    ANALYSIS

While the legal issues presented in Defendants UCMC and UC Health's motions for judgment on the pleadings (Docs. 25, 26) are similar, for clarity's sake, the Court will address each motion separately.

### A. Defendant UCMC's motion for judgment on the pleadings

Defendant UCMC seeks to dismiss all claims against it contained in the Amended Complaint.  In the Amended Complaint, Plaintiff alleges that "Plaintiff looked to defendants UCHealth, UCMC, WCH and UCP to provide competent medical care through the physicians and staff they chose, credentialed and provided." (Doc. 16 at ¶ 6). Plaintiff's theory of liability against UCMC is that they are liable for the alleged

4

negligence of "credentialed physicians" who provided medical care to Plaintiff, at an affiliate hospital, West Chester Hospital. However, Plaintiff's theory of liability against UCMC fails.

Under the theory of ostensible agency, in order for a hospital to be held vicariously liable for the negligence of independent medical practitioners practicing in the hospital, a plaintiff must establish that (1) the hospital held "itself out to the public as a provider of medical services; and (2) in the absence of notice or knowledge to the contrary, the patient looks to the hospital, as opposed to the individual practitioner, to provide competent medical care." *Clark v. Southview Hosp. & Family Health Ctr.*, 68 Ohio St.3d 435 (1994). "If a hospital is to be held vicariously liable for the malpractice of a physician practicing therein, merely granting privileges to the physician is not enough to create a direct agency relationship between the hospital and the physician." *Laderer v. St. Rita's Med. Ctr.*, 122 Ohio App. 3d 587, 594, 702 N.E.2d 476, 480 (1997) (citing *Costell v. Toledo Hosp.*, 98 Ohio App. 3d 586 (1994)). Under Ohio law , "[t]he critical question is whether the plaintiff, at the time of [her] admission to the hospital, was looking to the hospital for treatment of [her] physical ailments or merely viewed the hospital as the situs where [her] physician would treat [her] ..." *Clark*, 68 Ohio St.3d 435.

Here, Defendant UCMC importantly points out that, according to the Amended Complaint, no care or treatment ever took place at UCMC. (Doc. 25 at 8). This fact is determinative because Plaintiff clearly cannot plead any facts indicating that she looked

5

to UCMC—instead of her physician Dr. Agabegi—to provide any care. In her response, Plaintiff argues she has adequately alleged *Clark* liability (Doc. 32 at 3–5), yet she points to no facts in the Amended Complaint indicating that she actually looked to UCMC to provide any care. Instead, in the Amended Complaint, Plaintiff makes the summary assertion that she "looked to" UCMC "to provide competent medical care through the physicians and staff they chose, credentialed and provided." (Doc. 16 at ¶ 7). This naked assertion is wholly insufficient to adequately plead a claim for vicarious liability under the theory of ostensible agency.[3] For these reasons, Plaintiff's vicarious liability claims against UCMC, for the alleged acts of Drs. Agabegi, White, Ross, and Finnan, clearly fail under Ohio law. Accordingly, UCMC's motion for judgment on the pleadings (Doc. 25) is well-taken.

### B. Defendant UC Health's motion for judgment on the pleadings

Defendant UC Health seeks to dismiss all remaining claims against it contained in the Amended Complaint. Like Plaintiff's allegations against UCMC, Plaintiff contends that UC Health is responsible for the alleged negligence of Drs. Agabegi, Finnan, and White—who were never employed by UC Health—because they were "credentialed physicians." Similar to the above analysis of UCMC's motion, Plaintiff's theory that UC Health is vicariously liable under the ostensible agency theory fails.

Under Ohio law, in order to hold UC Health vicariously liable for the actions of Drs. Agabegi, Finnan, and White, Plaintiff must establish that (1) UC Health held "itself

---

[3] There are no allegations in the Amended Complaint that any of the physicians in this case were agents or employees of UCMC.

out to the public as a provider of medical services;" and (2) in the absence of notice or knowledge to the contrary, Plaintiff looked to UC Health, as opposed to her physician, Dr. Agabegi, to provide competent medical care. *Clark v. Southview Hosp. & Family Health Ctr.*, 68 Ohio St.3d 435 (1994). Plaintiff's naked assertion that she "looked to" UC Health to provide medical care is insufficient to establish vicarious liability under the ostensible agency theory. (Doc. 16 at ¶ 7; *see also* Doc. 31 at 3–5). Based on the facts alleged in the Amended Complaint, it is apparent that Plaintiff was looking to her physician, Dr. Agabegi, to provide the surgery giving rise to this suit, not UC Health. For those reasons, and the case law cited in UC Health's brief (*see* Doc. 25 at 5–8), it is clear that UC Health is not vicariously liable under Ohio law for any acts of Drs. Agabegi, Finnan, or White. Accordingly, UC Health's motion for judgment on the pleadings (Doc. 26) is well-taken.[4]

## IV. CONCLUSION

Accordingly, for the reasons reflected above:

1) Defendant UCMC's motion for judgment on the pleadings (Doc. 25) is **GRANTED**.

2) UCMC is hereby **DISMISSED** as a defendant in this case.

3) Defendant UC Health's motion for judgment on the pleadings (Doc. 26) is **GRANTED**.

---

[4] Separately, Plaintiff argues in her responses to UCMC's and UC Health's motions that a contract between UC Health and the USA (the "Training Affiliation Agreement" or "TAA") implicates UCMC and UC Health for liability to Plaintiff. (Docs. 31 at 5–8, 32 at 5–8). This theory of vicarious liability misses the mark. The Amended Complaint makes no mention whatsoever of the TAA. For the purposes of the motions for judgment on the pleadings, all arguments related to the TAA fail as the pleadings contain no allegations related to the TAA.

4) UC Health is hereby **DISMISSED** as a defendant in this case.

**IT IS SO ORDERED**.

Date:   11/13/2020                                    *s/Timothy S. Black*
                                                                                                            Timothy S. Black
                                                                                                            United States District Judge