**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| KIMBERLY BURNETT, | : | Case No. 1:19-cv-43 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| PHILLIP WHITE, M.D., | : | |
| Defendant. | : | |

**ORDER RESOLVING DEFENDANT'S OBJECTIONS TO PLAINTIFF'S
EXPERT'S DEPOSITION (Doc. 71)**

This civil case is before the Court on Defendant Phillip White M.D.'s ("Defendant's") objections to the testimony of Plaintiff's expert, Stanley Skinner, M.D. ("Dr. Skinner") and Plaintiff's responses. (*See* Doc. 71).

All Defendant's objections regard the testimony of Plaintiff's expert Dr. Skinner. Dr. Skinner will testify via video deposition.  Defendant has already stipulated that Dr. Skinner may testify as an expert. (Doc. 72 at 5).  Rather, Defendant's objections target specific portions of Dr. Skinner's deposition (Deposition of Stanley Skinner, M.D., "Skinner Dep.," Doc. 69). The Court looks at the objections in turn.

**Objections 1 and 2:  Skinner Dep. 43:23, 44:91**

Both objections are aimed at similar testimony. Defendant states the testimony "is a reference to literature that is not in evidence." (Doc. 71).  A review of the deposition shows that Dr. Skinner is discussing a published "guideline" regarding a line of

communication between a supervising or monitoring physician and the physician performing an operation.

An expert does not need to rely exclusively on information that is in the record or even admissible. *See* F.R.E. 703. For that reason alone, Defendant's objection will be overruled. Additionally, to the extent the objection here is really about Dr. Skinner's failure to identify the guideline, there is still no reason to strike it. Dr. Skinner's testimony about the "guideline" is simply prologue for the notion that monitoring physicians should be able to reach operating physicians. In this case, there is no dispute that Defendant *could have* reached the operating team if he needed to. The question is whether he should have. The testimony goes to a preliminary matter rather than an ultimate opinion of the expert.

Accordingly, Defendant's objection is overruled.

**Objection 3: Skinner Dep. 45:6**

At this point in the deposition, Dr. Skinner is asked whether a peer-to-peer phone call would have "generated action." Dr. Skinner says, "I believe it would have generated an action." Thus far, this represents an opinion Dr. Skinner, as long-time physician who has performed the relevant role in operating rooms, is duly qualified to give. It is not speculative for Dr. Skinner, drawing on experience and his review of the facts, to state whether he thinks a peer-to-peer conversation would have generated a response.

But he goes on: "And I believe we possibly wouldn't be here today. I believe in all probability we wouldn't be here today in this situation had that phone call been made." (Skinner Dep. 45: 2-5). This elaboration is unclear, speculative, and possibly confusing

2

to a jury because. It is also not responsive to the question, which only asked whether a peer-to-peer communication would have generated a response. Accordingly, this objection is partially granted. The Court will strike the following testimony: "And I believe we possible wouldn't be here today. I believe in all probability we wouldn't be here today in this situation had that phone call been made." (Skinner Dep. 45: 2-5). The parties will accordingly edit the video tape deposition.

**Objections 4 and 5: Skinner Dep. 47:5; 47:12**

This testimony involves Dr. Skinner speaking to one of the ultimate issues in the case—causation. Dr. Skinner says the screws caused the damage and an intervention "could have" reversed that damage. This is a qualified opinion. It is not undue speculation. Such testimony is best explored—as it has been—on cross examination. Thus, objections 4 and 5 are overruled.

**Objections 6, 7, and 8: Skinner Dep. 47:16; 48:8; 48:21**

Defendant states that Dr. Skinner expresses an opinion outside the scope of his report. Objections 6, 7, and 8 all relate to similar testimony—Dr. Skinner speaking to what the outcomes in the theoretical world were an intervention had taken place. Having reviewed that report, the Court finds this is not the case. The deposition testimony at-issue acts as a summary of that part of the report where Dr. Skinner opines:

> The risk of an annoying false positive report was a small inconvenience indeed compared to the goal of a radically different (improved) outcome had the surgeon(s) decided to intervene by adjusting/removing the screws or by delaying further surgery until imaging could be arranged to check/re-check screw positioning. The failure to engage in peer-peer communication rendered this case purely predictive (and of no patient benefit) rather than preventative (potentially saving Ms. Burnett much suffering).

3

(Doc. 45-7 at PageID# 272).

The report and deposition testimony are not a perfect match. But it is simply untrue that the deposition testimony is outside the scope of the report.

It is possible Defendant's real objection is that Dr. Skinner's report is slightly more qualified than the deposition testimony—and that may be true. But that is a basis for cross-examination, not a reason for exclusion. Objections 6, 7 and 8 are overruled.

**Objections 9 and 10: Skinner Dep. 49:1, 49:7**

Here Defendant objects twice to essentially the same testimony. Dr. Skinner opines on Plaintiff's theoretical recovery if an intervention had been taken. Defendant's objection is that Dr. Skinner's testimony is based on speculation. While Dr. Skinner is of course engaging in a hypothetical, he states a basis for his conclusions very soon afterward in the same deposition. (Skinner Dep. 51:15-20). ("In this instance, it's extremely unlikely that the nerves are literally severed. It's much more likely that nerves re stretched, displaced, and compressed and amenable to a—to the strategy, the tactic of getting the screws out."). The Court finds that Dr. Skinner is not unduly speculating. Thus, objections 9 and 10 are overruled.

**Objections 11 and 12: Skinner Dep. 50:8; 50:16**

In this objection, offered both after the relevant question and after the testimony, Defendant argues Dr. Skinner is not qualified to state that a removal of the screws would have benefited Plaintiff. The objection as articulated within the deposition, and within

4

Objection 12, states Dr. Skinner is not qualified to speak to causation. (Doc. 69 at PageID# 826). The Court is mindful that this and other testimony hews closely to the questions to be weighed by the jury. On the other hand, Dr. Skinner has to weigh choices and possible outcomes as a part of his profession. It is not beyond his expertise, therefore, to opine as to the possible outcome of a specific intervention.

Moreover, an opinion is not objectionable simply because it goes to the "ultimate issue." F.R.E. 704. The Court notes that medical negligence cases routinely rely on expert testimony to prove causation. *See Davis v. United States*, 302 F. Supp. 3d 951, 957 (S.D. Ohio 2017).

Here, the Court finds Dr. Skinner is qualified to opine on whether a particular intervention could have benefited Plaintiff in a particular manner. Therefore, it is also within his expertise to opine on whether the failure to intervene may have caused certain problems for Plaintiff. For these reasons, objections 11 and 12 are overruled.

**Objection 13**: Skinner Dep. 54:7

Defendant objects that this testimony is beyond the scope of Dr. Skinner's report. Here, Defendant is correct. The testimony offered is very clearly not included in Dr. Skinner's report (Doc. 45-7) and thus his testimony runs afoul of Rule 26(a)(2)(B)(i). Plaintiff responds that the subject of the testimony—the catastrophic nature of Plaintiff's injuries--"has been known from the outset." (Doc. 71 at 3). Even if that were true, it is largely beside the point here. Expert disclosures are not a device where new facts about the case revealed. Rather, disclosure obligations give opposing counsel timely notice of expert opinions about the facts of the case and of the support for those opinions. *See* Fed.

5

R. Civ. P. 26; *Miami Valley Paper, LLC v. Lebbing Eng'g & Consulting GMBH*, No. 1:05-CV-702-TSH, 2010 WL 11538131, at *7 (S.D. Ohio Jan. 22, 2010). Defendant was entitled to know that Dr. Skinner would testify to the loss of functioning in certain body systems. Plaintiff has not shown that the failure to disclose was harmless or substantially justified. *Miami Valley*, 2010 WL 11538131, at *7. Accordingly, the testimony will be struck and the Court will order the parties to edit the video deposition.

All Dr. Skinner's deposition testimony from 53:4 to 54:13 will be struck. (Doc. 69).

For the reasons outlined above, the Court hereby ORDERS:

1. Defendant's objection 3 is sustained in part. The above-indicated testimony will be struck. (Skinner Dep. 45: 2-5). The video deposition will be edited appropriately.

2. Defendant's objection 13 is sustained. Dr. Skinner's testimony will be struck as indicated above. (Skinner Dep. 53:4 to 54:13). The video deposition will be edited appropriately

3. All other objections are overruled.

**IT IS SO ORDERED.**

Date: 4/29/2022         *s/Timothy S. Black*
Timothy S. Black
United States District Judge

6